**LAW OFFICE OF NOEL W. SPAID**
2758 CAMINITO CEDROS
DEL MAR CA 92014
TEL: 858 350-8718
FAX: 858 350-8718
ATTORNEY FOR PLAINTIFFS: MICHELE PUTINI, SUSAN BRENT, CODY BINGHAM, PATTI BINGHAM, AND PRO PER

FILED

11 NOV 15 PM 1:20

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE PUTINI, SUSAN BRENT PATTI BINGHAM, CODY BINGHAM, By and through Noel Spaid, AND NOEL SPAID, PRO PER<br><br>Plaintiffs,<br>v.<br><br>TODD STEVENSON, DIRECTOR UNITED STATES CONSUMERS PROTECTION COMMISSION(CPSC), CPSC, CHERYL A. FALVEY, U.S. DEPARTMENT OF JUSTICE<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

'11 CV 2654 AJB POR

CASE No.

FREEDOM OF INFORMATION ACT COMPLAINT

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from plaintiff by defendant UNITED STATES CONSUMER PROTECTION SAFETY COMMISSION ("CPSC"), 4330 East West Highway, Bethesda, MD, 20814, and UNITED STATES DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001 charged with oversight of CPSC.

**Jurisdiction and Venue**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

3. Plaintiffs, Patti Bingham, her husband, Cody Bingham, deceased, by and through is wife, representative Patty Bingham, are private citizens who were harmed by a flammable fabric, a Blair Bathrobe that failed CPSC FFFA 1610 flammability testing, suffering physical and mental damages as a result thereon. Blair recalled the robe under CPSC procedures from April 24, 2009 to October 2009, but not before it was responsible for 9-10 deaths, 71 injuries and about 500 complaints, many of which came in after the recall was announced. Blair had notice of at least three fire-in-robe incidents, including one that caused 2nd degree burns, starting in November 2008.

Plaintiffs Michele Putini and Susan Brent, heirs of decedents, Evelyn and Murray Rogoff, have sued Blair, LLC in this district court, case number, 09-cv-2729-W-BLM, or the wrongful injury/deaths of their parents following an incident when the Blair flammable robe being worn by Evelyn while making coffee and tea, caught fire and Murray jumped on her to put the fire out, catching fire himself. They died some time after in different hospitals.

Noel Spaid, attorney for the Binghams, Putini and Brent, brought the initial FOIA request. She represents Patti and Cody Bingham in WA and Michele Putini and Susan Brent, heirs of two decedents, their parents, who suit is sitused in this district court.

5. Defendant CPSC is a Department of the Executive Branch of the United States Government. The Department of Justice is an agency within the meaning of 5 U.S.C. § 552(f), and is responsible for enforcement of the Federal Law in the United States. The Department of Justice was asked to step in to this controversy due to the inherent conflict of interest by CPSC in handling the subject FOIA, due to the actions, conduct and position CPSC has taken in this matter.

6. On information and belief Defendant Inspector General is within Justice Department of the United States. The Inspector General has oversight over CPSC. The Treasury is an agency within the meaning of 5 U.S.C. § 552(f). Government Agencies' Acquisition of Private Sector Personal Information

7. CPSC became the investigatory agency for Blair, LLC, on or about 3-2009, when Blair make a Rule 15 report of three flash fires in Blair's 100% cotton chenille robes, one of which caused 1st and 2nd degree burns by a consumer who described herself as being engulfed in flames. A Blair Robe recall was announced 4-24-09 and three followed, the last of which recalled all Blair 100% cotton

COMPLAINT - FOIA                     2

1  chenille products made by A-One Towel and Textile in Pakistan. Blair received its first reported fire

2  on 11-24-08 and made its first report to CPSC only after Amy Clancy of KIROTV News called Blair

3  about 3-3-09, to advise of a report they had received and inquire about other reports of fires in these

4  robes for the purpose of her investigative report to be aired 3-6-09.  Blair found such reports and

   ordered FFFA 1610 testing to be done on selected robes in America. When reports of six out of eight

5  failed tests were received, Blair reported the three fire-in-robes incidents to CPSC, four months after

6  the first report.

7

8  8. Plaintiffs filed an appeal of the CPSC part denial of the FOIA Request, **EXHIBIT 1**. CPSC

9  became the repository of access to citizens' names, address, phone numbers, incident reports, and

   investigation findings as a result of initiating investigation into the product, company, manufacturer
10
   (?) and distribution.  On 8-9-10, one year and four months after CPSC's initial recall for Blair, CPSC
11
   sent Blair a letter, **EXHIBIT 1-1,** (attached to declaration of Counsel on Appeal), advising that the
12
   labs that tested the sample robes that Blair had sent them were wrong, had committed error. CPSC
13
   tested one robe, and reclassified all of the robes as Class One, safe for sale to all American
14
   consumers. CPSC has had access to all of Blair's files as well as manufacturer's files, the relevant
15
   foreign and America laboratories, all certified by CPSC, and other government departments' records,
16
   most of which the public and plaintiffs do not have access to. By 8-9-10 CPSC knew or should have
17
   known of the deaths, injuries and fire incidents reports that Blair, and perhaps CPSC had received; 9-
   10 deaths, 62 injuries and 500+ reports. In fact, in one recall, CPSC specifically noted that there were
18
   9-10 related deaths related to the robe. CPSC's inconsistent letters of 8-9-10 has provided Blair with
19
   the legal defense that these Robes are Class One, met CPSC's flammability standards, and was safe
20
   for sale in America. However, Brenda Scnick, Head of Quality Control at Blair testified that the 2400
21
   robes still in Blair inventory were under control of CPSC in that they had to be destroyed, and
22
   destroyed under CPSC supervision to ensure that they are never put into the marketplace. This is
23
   inconsistent with the statement that all of these robes are Class One, the highest classification CPSC
   gives for meeting CPSC's standards as set out in The Federal Flammable Fabric Act, 15 U.S.C.
24
   Sections 1191-1204 and the related, C.F.R.s, 16 CRF 1610 et. seq.
25

26  9. The use of private sector databases of personal information enables the government to obtain

27  detailed information on citizens while avoiding the creation of files that would implicate protections

28  provided under the Privacy Act of 1974, 5 § U.S.C. 552a.

            **Plaintiff's FOIA Requests and Defendants' Failure to Respond**
29

30                                              3

10. By separate letters to CPSC dated 8/09 though 5-25-10, **EXHIBIT 1- 5**, plaintiff submitted Freedom of Information Act ("FOIA") requests for "all records relating to transactions, communications, and contracts concerning businesses, FFFA testing, recall information, and other information regarding BLAIR and the BLAIR ROBE RECALLL. A copy of the letters are attached as **EXHIBIT 1-3**, and incorporated by reference wherein. The 5-25-10 letter is the subject letter of this Complaint as CPSC complied with a few of the requests and this letter reflects only those items requested not yet complied with.

### Defendant DOJ's Failure to Comply with Plaintiff's Request

11. CPSC has sent documents in 2010 which was fairly limited to a few reports received by CPSC either before or after the recall and some mailing information concerning Patti (Singleton) Bingham's robe to and from CPSC. The Appeal, **EXHIBIT 1**, was filed in response to CPSC's letter of August 9, 2011, **EXHIBIT 1-4**, received 8-18-11. On October 14, 2011 CPSC sent a letter from Cheryl A, Falvey of CPSC, which was the Appeal Determination letter, **EXHIBIT 2**, claiming different privileges and exemptions. CPSC has had an open investigation regarding Blair Robes since about 4-21-09. Letters from CPSC, and phone conversations, informed that more documents might be released upon completion of the CPSC's investigation. From date of first recall 4-24-09 to today, it has been two and one half years of investigation.

12. The particular problem created by this particular FOIA and CPSC's response is CPSC's enhanced Conflict of Interest in this case. CPSC sets the standards for flammability testing of clothing sold in the United States, for creating the standards and procedures for testing, and for certifying the testing laboratories. CPSC has been under scrutiny for over twenty years for not raising the flammability standards in adult clothing, though they changed said standards for children's' clothing. Complicating the matter, CPSC has stated that the laboratories (that they certified for FFFA 1610 flammability testing) did not understand how to do the CPSC mandated testing. CPSC claims that a 1998 publication was an explanation of how to conduct the flammability testing, not a change in the testing, but the labs still do not understand how to conduct the procedure. This was in response to questions about CPSC's letter to the Blair's attorneys, Kirkland and Ellis Law Firm, 8-9-10, stating that although Blair tested eight sample robes and found that six failed, the American labs were wrong and CPSC reclassified all of the Blair robes as Class One, safe for sale to all American consumers. The Inspector General, in its 2010 report to congress found CPSC inadequate in its certification and

1    oversight of the labs it certified, many of which are overseas, **EXHIBIT 3.**

2

3    12. Blair has received approximately 583 fire-in-robe complaints, which include 9-10 deaths, and
4    about 72 injuries from the fires in the robes, CPSC classified as Class One robes.  CPSC has known
5    for years that 100% cotton chenille is one of the most flammable fabrics used in clothing but has
6    never issued any warning to the manufacturers and retailers of clothing that this is a "suspect" fabric
7    and special care should be used for using this in clothing, particularly sleepwear. Blair's target
8    demographic for its clothing are the senior population, persons over 50. All of the robe related deaths
     were in senior citizens, older than 70.

9

10   13. Blair relies heavily upon CPSC's reclassification of the robes to Class One, in denying liability in
11   the civil lawsuits brought by the deaths and injury related to the wearing of these robes. Blair states
12   that it met all legal standards in having passing grades on the FFFA testing based on CPSC's
13   reclassifying the failed tests to passing. CPSC's Marilyn Borsari, who wrote the reclassifying letter
14   refused to answer the question, "With 500 plus complaints, 9-10 deaths. And about 70 injury
15   complaints/reports, does CPSC stand on its 8-9-10 reclassifying this robe to Class One, safe for sale
16   to all Americans?" Blair's head of quality control has testified that they have about 2400 robes still in
17   inventory, which they have been advised by CPSC that they must destroy, but cannot destroy them
18   until CPSC supervision so that Blair does not attempt to sell any of them. Class One robes should be
19   sold to all Americans, as that is what Class One means The internal inconsistencies in CPSC's
20   positions, actions and conduct put CPSC in a serious conflict of interest. CPSC is not the appropriate
21   agency for investigating this particular Blair recall(s) since they have their own action to explain.
22   CPSC has refused requests for deposition. There were a total of four recalls starting 4-14-09 and
23   ending 10-09. Fourteen months later CPSC provided BLAIR with a defense to the attempts at redress
24   for the deaths and injuries inflicted by wearing the robes and cannot, without prejudice, fairly and
25   freely render an unbiased opinion about the actions/conduct of Blair and their own participation in
26   providing a potential legal defense to defendant Blair, while not being willing to even respond to
     questions about the reclassification, and ordering the robes destroyed. It is notably that if the CPSC
     certified labs did not know how to do the procedures, CPSC is responsible for their certifying
     inadequate labs.

27

28   15. Further confusing and deepening the conflict of CPSC's interest, the Inspector General, charged
29   with oversight of CPSC, sent an audit/report to congress in 2011, criticizing CPSC for lack of

30                                                          5

1  oversight in the laboratories that they certified. First responder fire Marshalls and other flammability

2  experts have written extensive reports to CPSC for many years criticizing CPSC for not raising the

3  testing standards for adult clothing, giving them statistics and real life experience of the results of

4  flammable clothes sold in America on the life and safety of the American adult. CPSC has not

5  responded to these formal and informal pleas from the very persons/associations, which have to deal

6  with the unnecessary horrible deaths related to flammable adult clothes. Plaintiff requested the

   Department of Justice to take over the investigation, which has not responded to this request.

7

8              PLAINTIFFS FOIA REQUEST AND DEFENDANT'S FAILURE TO RESPOND

9

10 16. To date, defendant CPSC has provided very few of the records requested by plaintiff in its FOIA

11 request, notwithstanding the FOIA's requirement of an agency response within twenty (20) working

12 days. Given the pending investigation defense, Plaintiff resubmitted a number of times and followed

13 CPSC's suggestion to check back "in a few months" to see if the investigation was completed. The

   latest response from CPSC gave instructions for appeal, which instructions were timely responded to.

14

15 17. CPSC Appeals determination  affirmed most of CPSC's blanket defenses, but did order

16 production of a few documents heretofore denied. CPSC did not supply a Vaughn List, not

17 identifying any of the withheld  documents with anything more than code and/or case numbers, not

18 describing the documents and defending their affirmation of the denial to produce the records in

19 summary statutory language, lacking any specific information, facts, or circumstances that would

20 demonstrate that the documents came within the privilege or exemption, or how the statutory

21 privilege or exemption claimed applied in any manner to the documents requested. It is impossible to

22 analyze the response in any meaningful way with no documents identified and no exemption or

   privilege explained or defended with any facts.

23

24 18. Plaintiffs have exhausted all their administrative remedies with respect to the FOIA request to

25 defendant CPSC. Plaintiffs have an urgent, compelling need for the documents requested so that they

26 can more fully protect their constitutional right to redress, unimpeded by a government agency which

27 may have its own interest in insuring that dead and injured plaintiffs are not compensated for their

   deaths and injury.

28

29 19. CPSC has wrongfully withheld the requested records from plaintiffs, without just cause or reason.

30 COMPLAINT - FOIA                                    6

CPSC'S PARTIAL DISCLOSURE

20. CPSC provided some initial responses to the FOIA request, but withheld numerous documents relying on statutory exemptions. It is not possible to disclose to the court the records that CPSC finally identified in their Response/Decision on Appeal since the records are only identified under the exceptions/privilege, by code and/or case number, in violation of Vague. Plaintiffs' appeal set out the Vaughn standard and cited cases that supported CPSC's duty to provide a Vaughn list describing the withheld records with enough specificity to understand the date, author and nature of the record and to support any claimed privilege or exemption with factual statements sufficient to understand and make a determination of the applicability of the claimed defense to the records denied.

21. Plaintiffs are being irreparably damaged in that Plaintiffs Putini, Brent, Cody Bingham, and Patti Bingham have all suffered damages up to and including death because of the quick igniting and spreading fire in Blair robes. Other plaintiffs in a number of other filed cases are also damaged in not being able to inspect and review the public record documents related to the egregious case, which resulted in the largest clothing recall in CPSC's history. Defendant's providing a" legal" defense to the very party that they are investigating, inconsistent with their actions and conduct before the four recalls and actions and conduct after the recall in order of destruction of the very clothing that they re-classified as safe for all Americans,  making them  possibly complicit in covering up some of the wrongful conduct of Blair in selling these deadly robes to persons who suffered and/or died as a result of wearing the "safe robes". In reaching the decision that caused the reclassification, they also made a determination that their own certified labs made wrongful determinations that the six of eight sample robes failed. Yet CPSC continues in a law enforcement investigation of Blair, which investigation they rely upon to not respond to the plaintiffs' FOIA.

22. CPSC holds information and records, which are responsive to the FOIA request, by their own admission in the Appeal Determination. Plaintiffs have a legal right to redress for their own injuries (Binghams) and for the premature death of their parents (Putini and Brent).Blair denies that they sold a product that was defective, the chenille robes, and the manufacturer in Pakistan "has disappeared". Blair relies repeated on CPSC's finding that the robes were Class One on CPSC testing, and thus they met legal requirements for sale of safe clothing under FFFA. CPSC has refused to submit to any deposition related to these cases. Heirs of the persons killed and the persons injured have a legal and just reason for demanding the records that were requested in their effort to obtain Constitutional redress for the wrong committed upon them by Blair's sale to them of a defective, highly flammable

robe that caused their death and/or injuries. All related information and records on the determination to have the recall and then reclassify the robes as safe are pertinent to Plaintiffs' ability to obtain the legal redress they are entitled to.

23. Defendant Blair attempted to have the courts designate all the Blair Robe fire cases consolidated into Federal Multi-litigation Litigation. In San Diego, Southern District Court, the judge denied the application of defendant. During the hearing Plaintiffs in the existing five cases, voluntarily agreed to combine for much of the discovery events and depositions of Blair, saving them from multiple productions of the same witnesses on the same issues. After repeated continuances and delays, many of the Blair depositions were taken in the late summer of 2011, all but one Plaintiff combining for the depositions. Discovery responses from different Plaintiffs have been voluntarily sent to all combining Plaintiffs by defendants. The combining of resources, time, expenses, was done for economic and judicial efficiency for both sides. All combining Plaintiffs have signed Protective Orders, **EXHIBIT 1-2,** to save and hold secret all confidential information from Defendant, which is to be used for litigation only. This order has been shared with CPSC and an offer made to them to submit to the same/similar protective order in order to expedite the obtaining the CPSC records. CPSC has not responded to this request.

24. Plaintiffs are requesting expedited litigation in order that they are not further harmed by the actions/conduct/positions of Blair, and are given the redress that they are legally entitled to.

RELIEF REQUESTED

Wherefore, Plaintiff prays that the Court:

  a.  Expedite procedure through this court.
  b.  Order defendants to disclose the requested records and make copies available to plaintiffs.
  c.  Award plaintiffs its costs and reasonable attorneys' fee incurred in this action, and
  d.  Grant such other relief as the Court may deem just and proper.

DATED: ___11.13.11___

_____
NOEL W. SPAID, ATTORNEY
For Michele Putini, Susan Brent.
Patti Bingham, Cody Bingham

COMPLAINT - FOIA                                    8

1

2  **LAW OFFICE OF NOEL W. SPAID**
    2758 CAMINITO CEDROS
3  DEL MAR CA 92014
    TEL: 858 350-8718
4  FAX: 858 350-8718
    ATTORNEY FOR PLAINTIFFS :**CODY BINGHAM, PATTI BINGHAM**, MICHELE PUTINI,
5  SUSAN BRENT

6

7            **UNITED STATES DISTRICT COURT**

           **SOUTHERN DISTRICT OF CALIFORNIA**
8

9

PATTI BINGHAM, CODY BINGHAM,    )
10  By and through Noel Spaid    )
                       ) CASE No.
11          Plaintiffs,    ) DECLARATION OF ATTORNEY ON
    v.                    ) FREEDOM OF INFORMATION ACT
12                   )     COMPLAINT
    TED STEVENSON, DIRECTOR    )
13  UNITED STATES CONSUMERS PRO-  )
    TECTION AGENCY(CPSC), CPSC,    )
14  CHERYL A. FALVEY, U.S. DEPART-  )
    MENT OF JUSTICE            )
15                      )
          Defendants.    )
16

17

18  I, NOEL W. SPAID, am the attorney for all plaintiffs in this case, Patti Bingham, Cody Bingham

19  (deceased and now represented through his wife, Patti), Michele Putini, and Susan Brent, case in

20  same jurisdiction as this court, have personal knowledge of all of the facts contained herein and if

    called to testify, could competently testify to the truth thereof.
21
    EXHIBIT 1 IS THE FOIA ADMISTRATIVE APPEAL, WITH DECLARATION OF COUNSEL
22
    AND EXHIBITS, WHICH EXHIBITS ARE MARKED NOW 1-1 THOUGH 1-5

23  1. EXHIBIT 1-1 is a true and correct copy of CPSC's Marylin Borsari's 8-9-10 letters to Blair's

24  attorney, Kirkland and Ellis, one of two Blair's litigation attorneys for the Blair Robe Cases.

25  2. EXHIBIT 1-2 is a true and correct copy of one of the Protective Orders that the plaintiffs in this

26  case (and others) all signed through counsel.

    3. EXHIBIT 1-3 is a true and correct copy of the FOIA Letter of 5-25-10, which was the basis of
27
    response, which was Appealed to CPSC, and a prior 1-27-10 letter.
28
    4. EXHIBIT 1-4 is CPSC's response to the 5-25-10 letter, dated 8-11.

29
                               9
30

5. EXHIBIT 1-5 is a true and correct copy of the original FOIA request, 8-7-09.

6. EXHIBIT 2 is a true and correct copy of the CPSC's Appeal determination sent 10-14-11.

7. EXHIBIT 3 is a true and correct copy of the CPSC's Inspector General's audit sent to congress, which I downloaded from the CPSC official website.

8. The Protective Orders was signed by the five attorneys who entered into the stipulation to be bound by the order. I signed for Binghams and my co-counsel in the Putini v Blair case in this court signed for them. Blair has sent some of the responses to discovery to all of us under this order, and most Plaintiffs have combined for corporate depositions.

9. I talked with Marilyn Borsari about the 8-9-10 letter she sent to Kirkland and Ellis after the letter was sent to us by BLAIR under discovery. She advised that the labs that did the testing for Blair (with 6 out of 8 of the robes failing the Federal Flammability testing) did not understand how to conduct the testing procedure and that most labs don't. "We get this all of the time (sic, that the labs didn't know what they were doing". When I asked her, that now that it was established that there were 500+ robe fire reports, 72 injuries and 9-10, does CPSC stand by its reclassification of all of these robes to Class One, safe for sale to all Americans"? She waited, then said, "I don't feel I can answer that question without my attorney". I called Ms. Borsari because I had established contact with her many months before when I called her about Patti Bingham's robe and CPSC taking the robe for testing, but never testing this robe.

10. Blair is actively relying on the Borsari letter in denying liability and the party line is that Blair sold a safe product because it met CPSC's FFFA standards, was Class One.

11. Not only does this place a higher burden on Plaintiffs in seeking redress, Plaintiffs have to prove that CPSC is faulty in its 8-9-10 letter, without the benefit of any of the materials that CPSC has relied on to make this determination and the investigation, memos, letters, anything else used by CPSC in also determining that the Class one robes had to be destroyed under their supervision..

I declare under penalty of perjury that the foregoing is true and correct.

DATE: 11-13-11

NOEL W. SPAID, ATTORNEY
Michele Putini, Susan Brent.
Patti Bingham, Cody Bingham

COMPLAINT - FOIA                    1

«•JS44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

**I. (a)  PLAINTIFFS:**
MICHELE PUTINI,
SUSAN BRENT. CODY
BINGHAM, PATTI
BINGHAM, NOEL
SPAID

**DEFENDANTS:**
U.S.CONSUME
PRODUCTS
SAFETY
COMMISSION,
U.STREASUAR
DEPARTMENT
TODD
STEVENSON

11 NOV 15 PM 1:20

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                                DEPUTY

(b) County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

Attorney's (Firm Name, Address, and Telephone Number) CA 87357 NOEL
SPAID, 2758 CAMINITO CEDROS, DEL MAR, CA 92014 858 350-8718

County of Residence of First Listed Defendant      BETHESDA MD
(IN U.S. PLAINTIFF CASES ONLY) NOTE:  IN LAND
CONDEMNATION CASES. USE THE LOCATION OF THE LAND INVOLV

**'11 CV 2654 AJB POR**

**II.  BASIS OF JURISDICTION** (Place an "X" in One Box Only)

O 1   U.S. Government        3  Federal Question
      Plaintiff        (U.S. Government Not a Party)

O 2   U.S. Government        Diversity
      Defendant        (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | O 1 | O 1 | Incorporated or Principal Place of Business In This State | | |
| Citizen of Another State | | MD | Incorporated and Principal Place of Business In Another State | OS | as |
| Foreign Country | O J | O 3 | Foreign Nation | 0 6 | 0 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| O110 Insurance | PERSONAL INJURY | PERSONAL INJURY | O 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| O 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | O 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| O 130 Miller Act | 315 Airplane Product Liability 320 | 365 Personal Injury - Product Liability | O 625 Drug Related Seizure of Property 21 USC88] O | | 430 Banks and Banking |
| O 140 Negotiable Instrument | Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws O 640 R.R. & Truck | PROPERTY RIGHTS | 450 Commerce |
| O 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | PERSONAL PROPERTY | O 650 Airline Regs. | 820 Copyrights | 460 Deportation |
| O 151 Medicare Act | 340 Marine | 370 Other Fraud | O 660 Occupational Safety/Health | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| O 152 Recovery of Defaulted Sludent Loans (Excl. Veterans) | 345 Marine Product Liability 350 | 371 Truth in Lending | O 690 Other | 840 Trademark | 480 Consumer Credit |
| O 153 Recovery of Overpayment of Veteran's Benefits | Motor Vehicle | 380 Oilier Personal Properly Damage | LABOR | SOCIAL SECURITY | 490 Cable/Sat TV |
| O 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | O 710 Fair Labor Standards Act | 861 HIA(1395ff) | 810 Selective Service |
| O 190 Other Contract | 360 Other Personal Injury | | O 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| O 195 Contract Product Liability | | | O 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| O 196 Franchise | CIVIL RIGHTS | PRISONER PETITIONS | O 740 Railway Labor Act O 790 | 864 SSID Title XVI | 890 Other Statutory Actions |
| REAL PROPERTY | 441 Voting | 510 Motions to Vacate Sentence | Other Labor Litigation | 865 RSI (405(8)) | 891 Agricultural Acts |
| O 210 Land Condemnation | 442 Employment | Habeas Corpus: | O 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 892 Economic Stabilization Act |
| O 220 Foreclosure | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Mailers |
| O 230 Rent Lease & Ejectment | 444 Welfare | 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 894 Energy Allocation Act |
| O 240 Torts to Land | 445  Amer. w/Disabilities - Employment | 540 Mandamus & Other | O 462 Naturalization Application | | 895 Freedom of Information Act |
| O 245 Tort Product Liability | 446 Amer. w/Disabilities - Other | 550 Civil Rights | O 463 Habeas Corpus - Alien Detainee O 465 | | 900Appeal of Fee Determination Under Equal Access to Justice |
| O 290 All Other Real Property | 440 Oilier Civil Rights | J  555 Prison Condition | Other Immigration Actions | | 950 Constitutionality of State Statutes |

X 895 Freedom of Information Act (marked)

**V.  ORIGIN**  (Place an "X" in One Box Only)
O(X)1  Original  O 2 Removed from   fJ3  Remanded from   O 4 Reinstated or  Q 5 S^ffict   O 6 Multidistrict   O 7 Karate
       Proceeding      State Court      Appellate Court   Reopened   ffncctt V)

Appeal to District
" dge f
Litigation   Jidl'm

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:
FEDERAL FREEDOM OF INFORMATION   28:1331ycos

**VII.  REQUESTED IN**   O CHECK IF THIS IS A CLASS ACTION   DEMAND S   CHECK YES only if demanded in complaint:
**COMPLAINT:**        UNDER F.R.C.P. 23                        JURY DEMAND:   O Yes   □ No

**VIII.  RELATED CASE(S)**  (See instructions)
IF ANY                   JUDGE                              DOCKET NUMBER

DATE                     SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY   # 32398   11/15/11   0350   Noel Spal